Zhou v. Holder

BIA
Lamb, IJ
A087 638 607

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of June, two thousand fourteen.

PRESENT:
> REENA RAGGI,
> PETER W. HALL,
> DENNY CHIN,
> > *Circuit Judges.*

_____

RUI ZHOU,
> *Petitioner,*

> v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

11-4584
NAC

_____

FOR PETITIONER:    Troy Nader Moslemi, Moslemi and Associates, New York, NY.

FOR RESPONDENT:    Stuart F. Delery, Acting Assistant Attorney General; Keith I. McManus, Senior Litigation Counsel; Tracie N. Jones, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Rui Zhou, a native and citizen of China, seeks review of a September 26, 2011, order of the BIA, affirming the October 12, 2010, decision of Immigration Judge ("IJ") Elizabeth A. Lamb, which pretermitted his application for asylum and denied withholding of removal and relief under the Convention Against Torture ("CAT"). *See In re Rui Zhou*, No. A087 638 607 (B.I.A. Sept. 26, 2011), *aff'g* No. A087 638 607 (Immig. Ct. New York City Oct. 12, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decisions of both the IJ and the BIA. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005) (per curiam). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (per curiam).

I. Pretermission of Asylum

Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the

2

agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B). Nevertheless, we retain jurisdiction to review constitutional claims and "questions of law." 8 U.S.C. § 1252(a)(2)(D). Accordingly, we have jurisdiction to review a pretermission determination where it is claimed that the IJ's fact-finding is flawed by an error of law, such as a material misstatement of the record. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006).

As Zhou correctly notes, in pretermitting Zhou's asylum application as untimely, the IJ predicated her determination on material misstatements of the record. Specifically, the IJ rejected Zhou's testimony that he had just arrived in the United States for the first time within one year of filing for asylum, despite his submission of a travel receipt reflecting that he was outside of the United States within a year of filing, because the IJ found that Zhou inconsistently testified that he arrived in San Diego in February 2003 and in California in 2005. The record, however, shows that Zhou testified that he arrived in San Diego on February 3rd and in California on February 5th of 2008. *See* CAR at 90. In short, the IJ's adverse credibility finding appears to be based on a

3

significant discrepancy in dates that does not exist. Further, in concluding that Zhou's application was untimely, the IJ cited to testimony of Zhou's uncle that he was not aware of the contents of his own affidavit. While a witness's failure to read his own affidavit is disturbing, and while the weight accorded to an applicant's evidence lie largely within the agency's discretion, *Xiao Ji Chen*, 471 F.3d at 342, here, the uncle's testimony was consistent with his affidavit and neither that testimony nor the affidavit represented that Zhou's uncle had any first-hand knowledge of when Zhou entered the United States. Thus, absent any explanation as to how the uncle's failure to review his own affidavit related to the timeliness of Zhou's application, any reliance on this fact in pretermitting the application was an abuse of discretion. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001). Moreover, although the agency based its pretermission of asylum, in part, on Zhou's failure to testify credibly, as discussed below, the agency's adverse credibility determination raises other concerns.

II. Adverse Credibility Determination

For asylum applications, like Zhou's, governed by the REAL ID Act, the agency may base a credibility finding on an

applicant's demeanor, the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *Matter of J-Y-C-*, 24 I.&N. Dec. 260, 265 (B.I.A. 2007).  This Court "defer[s] to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin*, 534 F.3d at 167.

As noted above, the agency erred in basing its adverse credibility determination on a purported testimonial inconsistency regarding the year Zhou first entered the United States.  *See Dong Gao v. BIA*, 482 F.3d 122, 133 (2d Cir. 2007) (noting that  court of appeals "cannot sustain an adverse credibility finding . . . that is 'based upon . . . a misstatement of the facts in the record'" (citation omitted; alterations in original)).  The IJ also found that Zhou testified inconsistently about whether he left China on November 27th of 2008 or 2009.  The inconsistency is evidenced in a single phrase—in which Zhou stated that he left China in 2008, then stated it was in 2009 and finally corrected himself and said he left in 2008.  Even assuming that this statement manifests inconsistency, it was not a proper basis for the agency's adverse credibility determination because it was

5

non-obvious and Zhou was not confronted with it or afforded an opportunity to explain. *See Ming Shi Xue v. BIA*, 439 F.3d 111, 125 (2d Cir. 2006). Accordingly, the agency's adverse credibility determination was not properly based on Zhou's purported testimonial inconsistencies regarding when he left China and entered the United States. *See id.; Dong Gao*, 482 F.3d at 133; *see also Xiu Xia Lin*, 534 F.3d at 167.

The agency also erred in basing its adverse credibility determination on a purported inconsistency between the testimony of Zhou and one of his witnesses about Zhou's church attendance in the United States. *See Dong Gao*, 482 F.3d at 133; *see also Xiu Xia Lin*, 534 F.3d at 167. Although the IJ found that the witness could not remember the last time she went to church with Zhou and Zhou testified that they went to church together in September 2010, Zhou's testimony concerned when he last <u>saw</u> the witness at the church, while the witness's testimony concerned when she last attended the church with Zhou.

While the agency was correct that Zhou's testimony was inconsistent with his application regarding whether his parents were arrested in China, because two of the three bases on which the agency placed substantial relevance for its adverse credibility determination were predicated on clear

6

misstatements of the record, we deem it "plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167; *see Dong Gao*, 482 F.3d at 133. Moreover, in such circumstances, we cannot confidently predict that remand of these proceedings would be futile. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 150 (2d Cir. 2008).

For the foregoing reasons, the petition for review is GRANTED and the case is REMANDED to the BIA for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7